Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
CA SBN No. 194706
Fax: 626-799-9795
TPRLAW@att.net
Tel:  626-799-9797

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| G & G Closed Circuit Events, LLC, | Case No.: |
| Plaintiff, | |
| | COMPLAINT |
| vs. | |
| Jose O. Diaz, individually and d/b/a Mariscos El Tiburon; and Mariscos El Tiburon LLC, an unknown business entity d/b/a Mariscos El Tiburon, | |
| Defendant. | |

**PLAINTIFF ALLEGES:**

## <u>JURISDICTION</u>

1.      Jurisdiction is founded on the existence of a question arising under particular statutes.

This action is brought pursuant to several federal statutes, including the Communications

Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer

Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq*.

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      This Court has personal jurisdiction over the parties in this action as a result of the Defendant' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length.

## **VENUE**

4.      Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Arizona, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of Arizona (28 U.S.C. § 1391(b)).

## **INTRADISTRICT ASSIGNMENT**

5.      Assignment to the Phoenix Division of the District of Arizona is proper because a substantial part of the events or omissions giving rise to the claim occurred in Maricopa County and/or, the United States District Court for the District of Arizona has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

///

**THE PARTIES**

6.      Plaintiff, G & G Closed Circuit Events, LLC is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7.      At all times relevant hereto, including on Saturday, November 6, 2021, Defendant Jose O. Diaz was the individual specifically identified as sole licensee on the Arizona Department of Liquor Licenses & Control filed for El Tiburon LLC (1207A603) for the establishment operating at 3330 N. 19th Avenue, Phoenix, AZ 85015.

8.      At all times relevant hereto, including on Saturday, November 6, 2021, Defendant Jose O. Diaz was specifically identified on the Arizona Corporation Commission records for Mariscos El Tiburon LLC (1899567) as Member and Manager of Mariscos El Tiburon LLC, which owns and operates the commercial establishment doing business as Mariscos El Tiburon operating at 3330 N. 19th Avenue, Phoenix, AZ 85015.

9.      Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 29), Defendant Jose O. Diaz had the right and ability to supervise the activities of Mariscos El Tiburon, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

///

///

10.     Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 22), Defendant Jose O. Diaz, as an individual specifically identified as sole licensee on the Arizona Department of Liquor Licenses & Control filed for El Tiburon LLC (1207A603) and as Member and Manager of Mariscos El Tiburon LLC, had the obligation to supervise the activities of Mariscos El Tiburon, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Mariscos El Tiburon operated lawfully at all times.

11.     Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 22), Defendant Jose O. Diaz, specifically directed or permitted the employees of Mariscos El Tiburon to unlawfully intercept, receive, and publish Plaintiff's *Program* at Mariscos El Tiburon, or intentionally intercepted, received, and published the *Program* at Mariscos El Tiburon themselves. The actions of the employees of Mariscos El Tiburon are directly imputable to Defendant Jose O. Diaz by virtue of his acknowledged responsibility for the operation of Mariscos El Tiburon.

12.     Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021, Defendant Jose O. Diaz, as sole licensee on the Arizona Department of Liquor Licenses & Control filed for El Tiburon LLC (1207A603) and as Member and Manager of Mariscos El Tiburon LLC, had an obvious and direct financial interest in the activities of Mariscos El Tiburon, which included the unlawful interception, receipt, and publication of

Plaintiff's *Program.*

13.    Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021, Defendant Jose O. Diaz, as Member and Manager of Mariscos El Tiburon LLC, had an obvious and direct financial interest in the activities of Mariscos El Tiburon, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

14.    Plaintiff is informed and believes and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Jose O. Diaz resulted in increased profits for Mariscos El Tiburon.

15.    Plaintiff is informed and believed, and alleges thereon that Defendant Mariscos El Tiburon LLC, is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as Mariscos El Tiburon operating at 3330 N. 19th Avenue, Phoenix, AZ 85015.

16.    On Saturday, November 6, 2021 (the night of the Program at issue herein, as more specifically defined in Paragraph 22), Mariscos El Tiburon sold food and alcoholic beverages to its patrons.

///

///

///

17.    On Saturday, November 6, 2021, (the night of the Program at issue herein, as more specifically defined in Paragraph 22), Mariscos El Tiburon broadcast the *Program* on four televisions in the establishment while patrons of the establishment were present.

18.    The commercial fee for an establishment the size of Mariscos El Tiburon to broadcast the *Program* lawfully was $1,250.00. Neither Defendants nor anyone acting on their behalf paid this fee to Plaintiff.

19.    That the *Program* would be shown at Mariscos El Tiburon was advertised on the Facebook page of the manager for Mariscos El Tiburon.

20.    On Saturday, November 6, 2021, Mariscos El Tiburon required a $10.00 cover charge per-person for admission.

## **COUNT I**

### **(Violation of Title 47 U.S.C. Section 605)**

21.    Plaintiff G & G Closed Circuit Events, LLC , hereby incorporates by reference all of the allegations contained in paragraphs 1-20, inclusive, as though set forth herein at length.

22.    Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Saul Alvarez v. Caleb Plant* boxing event, telecast nationwide on Saturday, November 6, 2021 (this included

all under-card bouts and fight commentary, encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

23.     Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Arizona, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

24.     The *Program* could only be exhibited in a commercial establishment in Arizona if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

25.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

26.     The Program originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

///

///

///

27.    On Saturday, November 6, 2021, in violation of Plaintiff  G & G Closed Circuit Events, LLC  rights and federal law, Defendants intercepted, received and published the *Program* at Mariscos El Tiburon. Defendants also divulged and published said communication, or assisted in divulging and publishing said communication to patrons within Mariscos El Tiburon.

28.    With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-27 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Phoenix, Arizona located at 3330 N. 19th Avenue, Phoenix, AZ 85015.

29.    Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

30.    Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC  had the distribution rights thereto.

///

///

31.    By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendant Jose O. Diaz, contributorily or vicariously.

32.    By reason of the Defendants violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has a private right of action pursuant to Title 47 U.S.C. Section 605.

33.    As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

      (a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

      (b)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

      (c)    The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## **COUNT II**

### **(Violation of Title 47 U.S.C. Section 553)**

34.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-33, inclusive, as though set forth herein at length.

///

35.     47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

36.     The unauthorized interception and receipt of the Program by the above named Defendants was prohibited by Title 47 U.S.C. §553, *et seq.*

37.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendant Jose O. Diaz, contributorily or vicariously.

38.     By reason of the Defendants violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G & G Closed Circuit Events, LLC , has the private right of action pursuant to Title 47 U.S.C. Section 553.

39.     As the result of the aforementioned Defendants violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

(a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

(b)     Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

(c)     The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

(d)     In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.     For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2.     For reasonable attorneys' fees as mandated by statute;

3.     For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.     For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.     For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2.     For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3.     For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.     For such other and further relief as this Honorable Court may deem just and proper.

///

Respectfully submitted,

Date: October 26, 2022          */s/Thomas P. Riley*
                               **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                               By:  Thomas P. Riley
                               G & G Closed Circuit Events, LLC

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///