IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-22-01837-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Jose O Diaz, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge John Z. Boyle. (Doc. 4). On February 20, 2024, the Magistrate Judge filed a Report and Recommendation with this Court, (Doc. 49), recommending that Defendant Diaz's Motion to Dismiss, (Doc. 31), be denied and Plaintiff's Motion for Entry of Default Judgment against Defendant Mariscos el Tiburon ("Defendant"), (Doc. 40), be granted. On March 5, 2024, Plaintiff filed an Objection to the Report and Recommendation. (Doc. 51). Defendant Diaz filed a Reply to the Objection on March 20, 2024. (Doc. 53). After considering the Report and Recommendation and the arguments raised in Plaintiff's Objection, the Court issues the following ruling.[1]

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

## I. STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

## II. DISCUSSION

Plaintiff timely filed an objection to the Magistrate Judge's Report and Recommendation. (Doc. 51). Plaintiff objects only to the amount of statutory damages recommended by the Magistrate Judge. (Id. at 2). Plaintiff's Motion for Default Judgment sought $35,000 in statutory damages against Defendant Mariscos el Tiburon—$10,000 for violations of 47 U.S.C. § 605(e)(3)(C)(i)(II), and $25,000 in enhanced damages

---

**IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

**IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

- 2 -

pursuant to 47 U.S.C. 605(e)(3)(C)(ii) for Defendant's "willful violation" of the statute. (Doc. 49 at 18–19). Accounting for the relevant facts of this case, the Magistrate Judge determined that a statutory damages award of $2,500 coupled with an enhanced damages award of $2,500—thus, $5,000 in total statutory damages—was sufficient to both compensate Plaintiff and deter Defendant from future violations of the statute. (Doc. 51 at 20).

The maximum statutory damages that a court may award for a single violation of the statute, as provided in § 605(e)(3)(C)(i)(II), is $10,000; however, additional enhanced damages can be imposed—up to $100,000—for willful violations made for commercial advantage or private gain. See § 605(e)(3)(C)(ii). Courts have substantial discretion in awarding damages under the statute. In determining an appropriate damages award, district courts should endeavor to impose "a sanction that deters but does not destroy." Kingvision Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

In determining an appropriate statutory damages award, courts consider "factors such as the maximum capacity of the commercial establishment, the total number of patrons present at the time of the unauthorized showing, and the amount defendant would have paid if it had purchased the rights to show the broadcast." J&J Sports Prods., Inc. v. Vargas, No. CV11-02229-PHX-JAT, 2013 WL 1249206, at *3 (D. Ariz. Mar. 27, 2013).

Here, the maximum capacity of Defendant Mariscos el Tiburon's establishment was estimated to be between 40 and 75 persons, the number of patrons present during the broadcast was between four and 15, and the commercial licensing fee was $1,200. (Doc. 49 at 19). Taking into consideration these facts, The Magistrate Judge recommended a statutory damages award of slightly more than double the commercial licensing fee—$2,500. (Id. at 20).

Plaintiff argues that the maximum statutory damages award of $10,000 is appropriate in this case because Defendant Mariscos el Tiburon has defaulted in this action. Plaintiff cites to a case decided in the Eastern District of New York to support Plaintiff's argument. See Joe Hand Promotions, Inc. v. Dang My Linh, No.

- 3 -

CV063548BMCKAM, 2006 WL 8435988, at *2 (E.D.N.Y. Sept. 25, 2006). In that case, the court was of the opinion that the $10,000 statutory maximum should be the presumptive award in default judgment cases. However, Plaintiff has not pointed to any cases from this district or elsewhere in the Ninth Circuit echoing this rationale, and the Court finds Dang My Linh unpersuasive.

Plaintiff additionally argues that the investigators were only present "during an undercard bout," and the Court should infer "that patronage would increase leading up to the main event." (Doc. 51 at 10–11). The Court is not prepared to make the inference that a larger number of patrons *may* have shown up simply because Plaintiff's investigators did not stay for the main event. The Court finds that the Magistrate Judge appropriately considered the facts of this case and finds that a statutory damages award of $2,500 is appropriate in this case.

Next, Plaintiff argues for a substantial increase in the enhanced damages award recommended by the Magistrate Judge. (Doc. 51 at 10–11). The Magistrate Judge recommended an enhanced damages award of $2,500. (Doc. 49 at 20). Plaintiff argues that the Magistrate Judge erred in not imposing higher statutory damages due to Defendant's cover charge and advertising of the event. (Doc. 51 at 10).

When determining whether an enhanced damages award is appropriate and, if so, the appropriate amount of damages, courts "consider factors such as repeat violations, substantial unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges, or charging premium menu and drink prices." J&J Sports Prods. Inc. v. Miramontes, No. CV-10-02345-PHX-FJM, 2011 WL 892350, at *2 (D. Ariz. Mar. 14, 2011); see also Joe Hand Promotions Inc. v. Hernandez, No. CV-21-00966-PHX-DJH, 2022 WL 4017406, at *3 (D. Ariz. Sept. 2, 2022) ("[C]ourts in this Circuit have considered several factors, including: (1) the size of the establishment, (2) the number and size of screens displaying the broadcast, (3) advertising to attract customers, (4) cover charges, (5) premium prices for food and drink, (6) the need to deter future violations, (7) the difficulty in detecting piracy, and (8) the widespread loss that occurs

through piracy") (quotations and citations omitted).

Plaintiff argues that the Magistrate Judge should have recommended a higher enhanced damages award because Defendant Mariscos el Tiburon collected a cover charge and advertised the event on social media. Plaintiff is correct that a cover charge and advertising of the event are factors which support an enhanced damages award. See Miramontes, 2011 WL 892350, at *2; see also Hernandez, 2022 WL 4017406, at *3.

That Defendant Mariscos el Tiburon advertised the event on Facebook and collected a $10 cover charge does not, in the Court's view, warrant an enhanced statutory damages award which is multitudes higher than the commercial licensing fee. This conclusion is supported by similar cases in this district; for instance, the Court finds analogous this Court's decision in J&J Prods. Inc. v. Patel, No. CV-16-00234-TUC-RM (BPV), 2018 WL 480621 (D. Ariz. Jan. 19, 2018). In that case, the defendant charged a $10 cover charge to watch the program and approximately 23 people attended. (Id. at *3). The cost of the commercial licensing fee was $3,000. (Id.) As the Court observed, "[t]here is no evidence of repeat violations or premium drink prices, and the unlawful monetary gains received by Defendants were not substantial." (Id.) The Court, denying the Plaintiff's Objection to the damages award and adopting the Magistrate Judge's Report and Recommendation, determined that an enhanced damages award of $3,000 was appropriate. (Id.)

Though Defendant Mariscos el Tiburon charged a $10 cover fee, Plaintiff's affidavits, which contain significant discrepancies, indicate that between four and 15 patrons were present during the event. The affidavits thus support that Defendant Mariscos el Tiburon made less than $200 from the cover charge. No evidence has been presented to suggest that Defendant Mariscos el Tiburon charged a premium for food or drink during the event. The Court finds that the instant facts do not support a conclusion that Defendant made "substantial unlawful monetary gain[s]" that would call for a significant enhanced damages award. See Miramontes, 2011 WL 892350, at *2.

The Magistrate Judge took the Facebook advertising and cover charge factors into

consideration in deciding to award enhanced damages. The Court finds that the Magistrate Judge appropriately balanced the factors with the given facts that relatively few patrons attended the event and Mariscos El Tiburon is not a repeat offender. (Doc. 49 at 20).

Additionally, Plaintiff is entitled to seek an attorney fees award in this case. An award of attorney fees will both further compensate Plaintiff and deter Defendant Mariscos el Tiburon from future violations of the statute. See G&G Closed Cir. Events LLC v. Williams, No. CV-19-05142-PHX-DWL, 2020 WL 3258738, at *4 (D. Ariz. June 16, 2020) ("Moreover, [the plaintiff] has retained the right to file a post-judgment motion for attorneys' fees, which, if granted, will have a further deterrent and compensatory effect.").

### III. CONCLUSION

The Court has considered Plaintiff's Objections to the Magistrate Judge's recommendation as to enhanced statutory damages and reviewed that portion of the Magistrate Judge's Report and Recommendation de novo. The Court agrees with the Magistrate Judge that statutory damages award of $2,500 plus an enhanced damages award of $2,500, for a total damages award of $5,000, is appropriate in this case because it is sufficient to deter Defendant from future violative conduct but is not excessive. The Court thus denies Plaintiff's Objections.

Accordingly,

**IT IS ORDERED denying** Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge. (Doc. 51).

**IT IS FURTHER ORDERED adopting in full** the Report and Recommendation of the Magistrate Judge. (Doc. 49).

**IT IS FURTHER ORDERED denying** Defendant Diaz's Motion to Dismiss. (Doc. 31).

**IT IS FURTHER ORDERED granting** Plaintiff's Motion for Entry of Default Judgment against Defendant Mariscos el Tiburon. (Doc. 40).

**IT IS FURTHER ORDERED awarding** Plaintiff $5,000 in total statutory fees, consisting of $2,500 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and $2,500 in enhanced damages pursuant to 47 U.S.C. 605(e)(3)(C)(ii).

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff may file an application for attorney fees and costs on or by April 17, 2024.

Dated this 2nd day of April, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge