**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC,<br><br>             Plaintiff,<br><br>v.<br><br>Jose O Diaz, et al.,<br><br>             Defendants. | No. CV-22-01837-PHX-JZB<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment. (Doc. 46.) For the reasons discussed below, the Court will deny the motion.

**I.    Background.**

Plaintiff G&G Closed Circuit Events, LLC, filed the Complaint initiating this action against Defendants Mariscos El Tiburon, LLC, and Jose O. Diaz on October 26, 2022. (Doc. 1.) Defendant Jose O. Diaz, Plaintiff alleged, is the sole member and manager of Mariscos El Tiburon, LLC, which owns and operates the Mariscos El Tiburon restaurant located at 3330 N. 19th Ave., Phoenix, AZ 85015. (*Id*. at 3.) Plaintiff alleged Defendants violated federal law by intercepting or receiving the copyrighted telecast of a boxing event and displaying it at Mariscos El Tiburon for profit, without paying Plaintiff the commercial licensing fee to which it was entitled. (*Id*. at 6-11.) Plaintiff served Defendants (doc. 6, 9), and Defendant Diaz answered (doc. 18), but Defendant Mariscos El Tiburon never answered or otherwise appeared through counsel. (Doc. 30, 40); *e.g.*, *U.S. v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993)

("A corporation may appear in federal court only through licensed counsel.") (citations omitted). Defendant Diaz filed a motion to dismiss the case on August 7, 2023. (Doc. 31.) Plaintiff moved for entry of default judgment against Mariscos El Tiburon, LLC on November 1, 2023. (Doc. 40.) The Court, Hon. Stephen M. McNamee presiding, upon this Court's Report and Recommendation, granted default judgment against Mariscos El Tiburon, LLC and denied Defendant Diaz's Motion to Dismiss on April 2, 2024. (Doc. 54.) On February 9, 2024, Plaintiff filed this Motion for Partial Summary Judgment against Defendant Diaz. (Doc. 46.) On February 20, 2024, this Court issued an Order instructing Defendant Diaz to respond, explaining the procedures and his obligations in doing so, and warning of the potential ramifications if Plaintiff's motion was granted. (Doc. 48.) Defendant Diaz responded (doc. 50) and Plaintiff replied (doc. 52).[1]

## II.    Legal Standard.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry

---

[1] The Court notes Defendant Diaz, who is pro-se, responded to the motion with a two-page, unsworn statement declaring, in part, that he "never played any show[,]" "never profit[ed] from any shows played at Mariscos El Tiburon[,]" and that he "does not [know] the show was[ ] play[ed] there if it was [ at] all." (Doc. 50 at 1.) Defendant Diaz never filed any accompanying statement of facts or corroborating evidence with his response despite this Court's warning. (Doc. 48.)

of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party bears the burden of showing that no genuine issue of material fact exists." *U.S. v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (citations omitted).

### III. Plaintiffs' Claim for Vicarious Liability Pursuant to 47 U.S.C. § 605(a).

Plaintiff's Statement of Facts and uncontroverted supporting evidence establish the following. Plaintiff held "exclusive nationwide commercial distribution rights as well as the nationwide anti-piracy enforcement rights" for a televised boxing event—the Saul Alvarez v. Caleb Plant telecast—which aired on the evening of November 6, 2021 ("the Program"). (Doc. 47 at 1-2.) The Program "originated via satellite uplink and was retransmitted via satellite signal." (*Id.*) On November 6, 2021, the Program "was intercepted, received, published and/or exhibited at Mariscos El Tiburon[.]" (*Id.* at 3.) Mariscos El Tiburon did not pay the $1,250 commercial licensing fee to Plaintiff. (*Id.* at 3-4.) The Program was broadcast on four televisions at Mariscos El Tiburon while food and beverages, including alcoholic drinks, were sold to patrons. (*Id.* at 3.) Prior to the fight, the manager of Mariscos El Tiburon—not Defendant Diaz—posted a promotional photograph of the fighters on Facebook. (*Id.*) Mariscos El Tiburon charged a $10-per-person cover charge for admission to the establishment on the night of the Program. (*Id.*) Defendant Diaz is the only member and manager, the statutory agent, and the sole organizer of Mariscos El Tiburon LLC, which owns and operates Mariscos El Tiburon. (*Id.* at 2-3.) Defendant Diaz is also the sole licensee for Mariscos El Tiburon under records maintained by the Arizona Department of Liquor Licenses and Control. (*Id.*)

In the motion for summary judgment, Plaintiff seeks to hold Defendant Diaz vicariously liable for a violation of 47 U.S.C. § 605(a)—a strict liability statute—which provides, in part,

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not

- 3 -

> being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

The statute applies to "satellite television signal piracy." *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008).

Mariscos El Tiburon, LLC has been held liable through default judgment for the violation of section 605. (Doc. 54.) Liability for individuals under section 605 must be established under a theory of contributory infringement or vicarious liability. *G & G Closed Cir. Events LLC v. Halstead*, No. CV-20-02105-PHX-ESW, 2022 WL 2274546, *2 (D. Ariz. Mar. 4, 2022) (citations omitted). Contributory infringement occurs when an individual authorizes the violation. *Id*. To establish vicarious liability, "a plaintiff must show that: (1) the individual had a right and ability to supervise the infringing activities and (2) had an obvious and direct financial interest in those activities." *G & G Closed Cir. Events, LLC v. Miranda*, No. 2:13-CV-2436-HRH, 2014 WL 956235, at *4 (D. Ariz. Mar. 12, 2014) (cleaned up); *e.g.*, *G&G Closed Cir. Events LLC v. Alexander*, No. CV-18-02886-PHX-MTL, 2020 WL 1904628, at *3 (D. Ariz. Apr. 17, 2020); *J & J Sports Productions, Inc. v. Walia*, No. 10-5136 SC, 2011 WL 902245, at *3 (N.D. Cal. Mar. 14, 2011).

A defendant's ownership interest in a commercial establishment has been found sufficient to prove the right-and-ability-to-supervise prong of this test. *Alexander*, 2020 WL 1904628; *J&J Sports Prods., Inc. v. Coco Beach Corp.*, No. 217CV01855JADBNW, 2019 WL 4781840, at *3 (D. Nev. Sept. 29, 2019) ("Courts have found corporate officers vicariously liable based on secretary of state and business licensing records confirming that the individual is an officer of the offending corporation."); *J & J Sports Prods., Inc.*

*v. Rubio*, No. CV-17-1026-PHX-DGC, 2019 WL 160649, at *3 (D. Ariz. Jan. 10, 2019). In other cases, however, Courts have insisted plaintiffs prove the individual defendant was a "a moving active conscious force behind the corporation's infringement." *Walia*, 2011 WL 902245, at *3 (citations omitted); *E.g.*, *Innovative Sports Mgmt. Inc. v. Ochoa*, No. CV-20-01127-PHX-SPL, 2022 WL 22864989, at *5 (D. Ariz. July 20, 2022).

The obvious, direct financial interest prong is satisfied with the showing of a causal connection between the infringing activity and a financial benefit to the defendant. *G&G Closed Cir. Events LLC v. Alcantara*, No. CV-18-02836-PHX-JJT, 2021 WL 1222170, *4-5 (D. Ariz. Mar. 31, 2021) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)).

**IV. Analysis.**

The Court finds there are genuine issues of material fact implicating the financial benefit prong of this test.[2] While it is not disputed that the employees of Mariscos El Tiburon charged a cover fee for admittance to the establishment on the night of the Program, it is unclear whether the program acted as a draw for customers, and there is a genuine issue as to whether Defendant Diaz obviously, directly profited from the infringing activity.

As Plaintiff acknowledges (doc. 46-1 at 13), the infringing activity must do more than offer an ancillary benefit to customers: it must draw them in. *See Ellison*, 357 F.3d at 1079 ("The record lacks evidence that AOL attracted or retained subscriptions because of the infringement or lost subscriptions because of AOL's eventual obstruction of the infringement. Accordingly, no jury could reasonably conclude that AOL received a direct financial benefit from providing access to the infringing material."); *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1023 (9th Cir. 2001), *as amended* (Apr. 3, 2001), *aff'd sub nom.* 284 F.3d 1091 (9th Cir. 2002) ("Financial benefit exists where the availability

---

[2] As this is an essential element to Plaintiff's theory of liability, the Court need not address the right-and-ability-to-supervise prong. Plaintiff must prove both prongs moving forward. The Court declines to "enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

- 5 -

infringing material 'acts as a "draw" for customers.'") (citations omitted); *see also G&G Closed Cir. Events LLC v. Alcantara*, No. CV-18-02836-PHX-JJT, 2021 WL 1222170, at *4 (D. Ariz. Mar. 31, 2021) ("Because Plaintiff has not produced any evidence that patrons attended Casita Del Mar because of the Program or were influenced by the advertisement, Defendants' [declaration attesting the infringing activity did not increase attendance], if credited by a jury, is sufficient to create an issue of fact as to whether the exhibition of the fight led to any financial benefit.") (citations omitted).[3]

As the Court stated in *J & J Sports Prods. Inc. v. Rubio*,

> Defendants are correct that several courts have found that ownership alone does not satisfy the direct or strong financial interest portion of the analysis. (Resp. at 12-15.) Courts consider a direct financial benefit to be present when the infringing conduct acts as a draw for customers. *Martinez*, 2014 WL 5410199 at *6 (citing *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004).) Although the draw for customers based on the infringing materials "need not be substantial," *Ellison*, 357 at 1078, Plaintiff has provided no evidence that the event was a draw for any patrons. Before the Court is no evidence of advertising, no statement from a patron that they attended to view the event, and no averment that more patrons were present on the night of the event than on standard nights without Plaintiff's content being broadcast. Thus, because Plaintiff's evidence fails to prove a direct or substantial financial interest, the Court will deny summary judgment as to the individual liability of Rubio and will instead grant Rubio summary judgment.

No. CV-16-01111-PHX-JJT, 2017 WL 3234939, at *4 (D. Ariz. July 31, 2017).

Plaintiff argues that the cover charge "alone suffices to establish the financial interest prong[,]" and that Mariscos El Tiburon's advertisement of the event "supports a finding of the financial interest necessary for vicarious liability." (Doc. 46-1 at 12.)[4] This Court, however, viewing the evidence in a light most favorable to Defendant Diaz, finds

---

[3] The Court recognizes *Ellison* and *Napster* are both copyright cases, but the vicarious liability test is the same for piracy cases under section 605. *E.g.*, *Ochoa*, 2022 WL 22864989, at *4; *G&G Closed Cir. Events, LLC v. Single, LLC*, No. C18-1295JLR, 2020 WL 5815050, at *3 (W.D. Wash. Sept. 30, 2020); *Walia*, 2011 WL 902245, at *3. Plaintiff concedes this. (Doc. 46-1 at 13 n. 4.)

[4] Because the Court finds the advertisement alone does not satisfy the financial interest prong, it need not rule on the admissibility of the advertisement itself, which the Court notes is written in uninterpreted Spanish and features a promotional image of the two boxers. (Doc. 46-2 at 77.)

- 6 -

that genuine issues of material fact exist as to whether the event acted as a draw for customers and whether Diaz himself gained an obvious, direct financial benefit from the infringing activity.

The Court turns first to the evidence of Plaintiff's investigators, Sarah Jennings and Christina Donaldson. In an affidavit, Sarah Jennings, who was present between 6:25 and 7:00 p.m., "counted the total number of patrons as approximately 8 persons total, 4 of which were female waitresses and 4 customers had arrived upon [her] departure." (Doc. 46-2 at 5-6.) The affidavit of Christina Donaldson establishes that between 5 and 15 patrons were present from 6:35 p.m. to 7:07 p.m. (Doc. 46-2 at 26.)[5] Ms. Donaldson describes only two female employees in her affidavit. (*Id*.) In either case, the number of attendees appears minimal, and Plaintiff provides no evidence this represented increased attendance from a typical night. As the Court in *Alcantara* noted, evidence that the number of patrons in attendance was consistent with any other night "could illustrate that the Program was simply an added benefit as opposed to evidence of an obvious and direct financial interest." 2021 WL 1222170, at *5. Based on this evidence, a reasonable jury could conclude that the infringing activity did not act as a draw and that the number of customers present on the night of the Program was consistent with any other night.

As further noted in *Rubio*, "ownership alone does not satisfy the direct or strong financial interest portion of the analysis." 2017 WL 3234939, at *4. Yet, Plaintiff's only evidence showing Defendant Diaz obviously and directly benefited from the infringing activity is state records showing Diaz as the sole organizer, member, and statutory agent of the LLC. (Doc. 47 at 2-3.) The Court finds this insufficient as a matter of summary judgment. If Defendant Diaz's status as the sole member and manager of the Mariscos El Tiburon LLC was, by itself, sufficient to prove both the first prong of the vicarious liability test (the right and ability to supervise) and the second prong (an obvious, direct financial interest), then the second prong would be redundant.

As for Plaintiff's evidence that Mariscos El Tiburon charged a cover fee and

---

[5] The Court notes that the timeframes established by each investigator overlap, and that it is quite possible that each investigator counted the other.

posted on Facebook about the Program, Plaintiff offers nothing linking these efforts or their alleged benefits to Defendant Diaz or showing Diaz personally profited. *Walia*, 2011 WL 902245, at *4 ("Plaintiff has not provided any facts to suggest that Sondhi or Walia . . . directly benefitted financially from that activity."); *Single, LLC*, 2020 WL 5815050, at *4. In the context of satellite television piracy, vicarious liability is a theory of individual liability. *See Walia*, 2011 WL 902245, at *3 ("As with a corporate shareholder, [ ]in order to hold a shareholder of an LLC liable for the LLC's infringing conduct, a plaintiff must allege facts that . . . the shareholder derived direct financial benefit from the infringing conduct above and beyond a generic linkage between the profits of the shareholder and those of the LLC."); *see also Joe Hand Promotions, Inc. v. Creative Ent., LLC*, 978 F. Supp. 2d 1236, 1241 (M.D. Fla. 2013) ("Liability under this theory may be imposed if the *individual* had the right to supervise the infringing parties and received a financial benefit from the infringement[.]") (emphasis added). Defendant Diaz has repeatedly, unequivocally disavowed any involvement in the management of Mariscos El Tiburon for at least five years. (Doc. 31 at 3.) His financial benefit from the infringing activity is anything but "obvious" and "direct." While Defendant Diaz's statements are self-serving, it is nevertheless Plaintiff's burden to establish that no genuine issue of material fact exists as to any essential element of its case. *Carter*, 906 F.2d at 1376. The Court finds that a reasonable jury could conclude Defendant Diaz did not have an obvious, direct financial interest in the infringing activity. *See J & J Sports Prods., Inc. v. Flores*, 913 F. Supp. 2d 950, 962 (E.D. Cal. 2012) (denying summary judgment for vicarious liability where the connection between the Defendants' financial benefit and the infringing activity was "speculative at best."). Accordingly, Plaintiff's motion is denied.

**V.     Conclusion.**

In sum, the Court will deny Plaintiffs' Partial Motion for Summary Judgment (doc. 46) on Plaintiffs' claim for vicarious liability pursuant to 47 U.S.C. § 605(a).

**IT IS ORDERED:**

1. Plaintiffs' Partial Motion for Summary Judgment (doc. 46) is **DENIED**.

2. Plaintiff is instructed to file and serve a notice of readiness for scheduling of a final pretrial conference pursuant to Rule 16(e), Federal Rules of Civil Procedure, within **ten (10) days** of this Order. (*See* Doc. 26 at 6.)

Dated this 26th day of September, 2024.

Honorable John Z. Boyle
United States Magistrate Judge